IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARL JOHNSON                                                                                              PLAINTIFF

V.                                        CASE NO. 4:10CV00726 BSM-JTK

US FOOD SERVICE, INC.; INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA;
ARKANSAS WORKERS' COMPENSATION
COMMISSION SECOND INJURY FUND                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff has filed an application to proceed *in forma pauperis*, complaint, and motion for appointment of counsel. For reasons that follow, the undersigned recommends that the plaintiff's IFP application be granted, that the motion for appointment of counsel be denied, and that the action be summarily dismissed.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. Martin-Trigona v. Stewart, 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. Id. Second, assuming the allegation of poverty is not untrue, a

determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous[1] or malicious, fails to state a claim upon which relief may be granted,[2] or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. Id.[3] Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed (DE #1).

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

---

[1] A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] A complaint is dismissed for failure to state a claim upon which relief may be granted if, after taking all facts alleged as true and drawing all reasonable inferences in favor of the non-moving party, the Court finds no possible set of facts under which plaintiff would be entitled to relief. See Fed. R. Civ. P. 12(b)(6); Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997).

[3] In Martin-Trigona, the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[ (e) (2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious." 691 F.2d at 857. The Court stated, however, that "[t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to §1915 [ (e) (2)(B)]." Id. See also Haugen v. Sutherlin, 804 F.2d 490, 491 n. 2 (8th Cir.1986) (the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous on its face and, if so, it should be dismissed).

relief. A court may dismiss such a complaint before service of process and without leave to amend. Christiansen v. Clarke, 147 F.3d 655, 657 (8th Cir. 1998).

On July 28, 2009, plaintiff appealed an unfavorable decision of the Arkansas Workers' Compensation Commission to the Arkansas Court of Appeals.[4] The Arkansas Court of Appeals issued an opinion on January 6, 2010, affirming the decision of the Commission. Johnson v. U.S. Food Servs. Inc. et al., 2010 Ark. App. 14, 2010 WL 26389 (2010). The Arkansas Supreme Court denied request for review on May 27, 2010.[5] Plaintiff filed his complaint in federal court on June 24, 2010.

In the complaint, plaintiff alleges entitlement to "additional and total disability for his compensable lower left back as well as left shoulder injury," arising out of and in the scope of his employment with U.S. Food Service Inc. See Complaint, DE #2, p. 1. The defendants are plaintiff's former employer, an indemnitor, and the Arkansas Workers' Compensation Commission Second Injury Fund. Id. Specifically, plaintiff alleges as follows:

> That the Administrative Law Judge erred in opining that Carl Johnson failed to prove by a preponderance of the evidence that he is entitled to additional medical treatment and total disability for his compensable lower left back as well as his compensable left shoulder injury. The Full Commission erred in opining that Carl Johnson did not prove he sustained a compensable injury to his left shoulder and lower left back[.] Also for denying and dismissing Mr. Johnson's claim for a Non-Contact positive drug test.

---

[4]See
<http://www.courts.state.ar.us/dockets/docket_info.cfm?case_number=CA%2009-851>.

[5]See
<http://courts.arkansas.gov/court_opinions/sc/2010a/20100527/20100527.htm>.

<u>Id.</u>   As relief, plaintiff seeks a determination that he sustained a compensable injury to his left shoulder and lower left back and that he is entitled to reasonably necessary medical treatment in connection with his injuries and temporary total disability benefits.  <u>Id.</u> at pp. 3-4.

Federal courts must determine whether they have jurisdiction before proceeding to the merits of a claim.  <u>See</u> <u>Steel Co. v. Citizens for Better Environment</u>, 523 U.S. 83 (1998).  The judicial power of the federal courts extends to certain types of cases, identified either by subject matter or parties.  The subject-matter categories of jurisdiction include federal questions that are controversies arising under the "Constitution, laws, or treaties of the United States."  <u>See</u> 28 U.S.C. §1331.  The party-based categories of jurisdiction include what might be called ordinary diversity and include controversies exceeding the sum of $75,000 "between ... citizens of different States."  <u>See</u> 28 U.S.C. § 1332.

This Court does not have jurisdiction because plaintiff's case does not fit into one of these categories.  First, there is no federal subject-matter jurisdiction over state claims brought by employees against employers for work-related injuries.  In Arkansas, such claims are subject to the exclusive authority of the Arkansas Workers' Compensation Commission.  <u>See</u> <u>Billings v. Aeropres</u> Corp, 522 F. Supp.2d 1121 (E.D. Ark. 2007);  <u>Phifer v. Union Carbide Corp. et al.</u>, 492 F. Supp. 483 (E.D. Ark. 1980).  Second, as provided for in the pleadings, there is a lack of diversity of citizenship.

Because plaintiff has not established the required jurisdiction over his claim, it is not cognizable in this Court.  Accordingly, this action should be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B) because it fails to state a claim on which relief may be granted

WHEREFORE, IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (DE #1) is hereby granted. IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint, and the complaint is dismissed. Judgment will be entered accordingly. Plaintiff's Motion to Appoint Counsel is denied (DE #3).

SO ORDERED THIS 1st day of July, 2010.

_____
United States Magistrate Judge